**In the Matter of the WELFARE OF R.A. and J.A., Children.**

**No. C4–85–814.**

Court of Appeals of Minnesota.

Oct. 29, 1985.

David C. McLaughlin, Ortonville, for guardian ad litem and children.

Harry D. Hohman, Appleton, for mother.

William J. Watson, Asst. Big Stone Co. Atty., Ortonville, for Big Stone County.

Jeanne L. Bringgold, Wheaton, for father.

Considered, and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Following a two day hearing, the trial court determined that R.A. and J.A. were neglected by their parents and that R.A. was also a victim of domestic child abuse. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

## FACTS

Valerie and David A. were married on October 3, 1981. Two children were born of their marriage: R.A., born April 12, 1982, and J.A., born September 4, 1984. In October 1984, Big Stone County Family

Services received a report that R.A. had been abused by Valerie; however, that report was unsubstantiated at that time, and the case was dropped.

In November 1984, Valerie petitioned the Big Stone County Court for an order for protection pursuant to the Minnesota Domestic Abuse Act. She subsequently dropped that petition, and filed a petition for marriage dissolution in December 1984. The marriage was dissolved in January 1985. Valerie was granted custody of R.A. and J.A.

David entered chemical dependency treatment in January 1985, and was discharged in February 1985. He and several relatives then filed reports of alleged child neglect and child abuse by Valerie. David admitted that he had abused R.A., both physically and verbally. On March 13, 1985, R.A. and J.A. were taken into custody by Big Stone County, pending a hearing on the allegations.

Following a two day hearing on this matter, the trial court determined that R.A. and J.A. were neglected by their parents, and that R.A. was also a victim of domestic child abuse. In its disposition order dated April 3, 1985, the court transferred custody of the children to the county, and provided for visitation and counseling. The court indicated that the order would be effective for five months, but that the county could release either or both of the children to either parent after 90 days if it would be in the best interests of the children to do so. The order further stated that upon release to a parent, the county should arrange for in-home treatment and other appropriate follow-up.

## ISSUES

1. Does the evidence support the trial court's conclusion that R.A. and J.A. were neglected by their parents and that R.A. was a victim of domestic child abuse?

2. Were the trial court's findings of fact sufficient to support its conclusions of law?

3. Did the trial court improperly issue a disposition order without conducting a separate disposition hearing?

## ANALYSIS

1. It is presumed that a natural parent is a fit and suitable person to be entrusted with the care of his child. *In Re Welfare of M.M.B.*, 350 N.W.2d 432, 434 (Minn.Ct.App.1984). Accordingly, allegations of dependency or neglect must be proved by clear and convincing evidence. *In Re Welfare of C. Children*, 348 N.W.2d 94, 96 (Minn.Ct.App.1984); Minn.R.Juv.P. 59.05. Despite this higher burden of proof, review by this court is still limited to determining whether the trial court's findings are "supported by substantial evidence and are not clearly erroneous." *C. Children*, 348 N.W.2d at 97, *citing* Minn.R.Civ.P. 52.01 and *In Re Welfare of J.M.S.*, 268 N.W.2d 424, 428 (Minn.1978). In cases involving more than one child, we must review the sufficiency of the evidence to support the court's findings with regard to each child. *See C. Children*, 348 N.W.2d at 97.

Minn.Stat. § 260.015 (1984) provides, in relevant part:

Subd. 10. "Neglected child" means a child:

\* \* \* \* \* \*

(b) Who is without proper parental care because of the faults or habits of his parent, guardian, or other custodian \* \*.

Minn.Stat. § 260.019, subd. 24 (1984), defines "domestic child abuse" as "any physical injury to a minor family or household member inflicted by an adult family or household member other than by accidental means \* \* \*."

Here the record supports the trial court's conclusion as to R.A. At the hearing David admitted knocking the child down and kicking her legs out from under her when she tried to stand. He admitted often getting "carried away" once he started spanking and acknowledged frequent abuse. He testified that Valerie regularly

hit R.A. across the face or on the back of her head, and several witnesses testified that Valerie hit R.A. in the face, on her legs, or anywhere else she could reach, that on at least one occasion she had bent R.A.'s fingers back, and that she often swore at R.A., referring to her as a "fucking kid" or "asshole." David's sister testified that on one occasion when J.A. began to cry, R.A. ran over to her and said, "shsh, don't cry or Mommy will get mad."

■ After reviewing the testimony, we cannot conclude that the trial court clearly erred when it determined that R.A. was neglected and a victim of domestic child abuse by both parents.

■ The only testimony of neglect of J.A. was that she had severe diaper rash on one occasion, and that the child was observed in her crib when she was awake. There was no testimony she was crying, only that she was awake and playing in her crib. There was also testimony that Valerie fed her cereal at an early age so that she would sleep longer. Valerie's testimony that she first discussed this with the child's physician was unrebutted. The evidence as to J.A. does not support a finding of neglect.

■ 2. Valerie claims the trial court's findings of fact are inadequate because they lack the specificity required by Minn. R.Civ.P. 52.01 and Minn.Stat. § 260.191, subd. 1a (1984). The trial court's findings in this instance are indeed meager. Specific findings are generally required for meaningful review. However, the findings, when supplemented by the record, reflect that the court took into account the proper statutory considerations when arriving at

its conclusions. *See C. Children*, 348 N.W.2d at 97.[1]

3. This action was heard on March 25 and 29, 1985. No separate disposition hearing was held. On April 3, 1985, the court issued its findings and order for disposition.

■ Rule 61.03 of the Rules for Juvenile Courts provides that "[i]f the court makes an adjudication [of neglect] the court *shall* schedule further proceedings pursuant to Rule 62." (Emphasis supplied.) Rule 62.-04, subd. 1, states:

> Disposition hearings *shall* be separate from the trial pursuant to Rule 59 and the adjudication pursuant to Rule 61.

(Emphasis supplied.) Although the court erred by combining[2] the adjudication and the disposition hearing, at this point our power to correct that error is limited. The children have already been adjudicated neglected and have been placed with foster parents. The trial court's order, dated April 3, 1985, provides that it should be effective for five months. That period expired September 3, 1985 so the issue of the initial disposition is moot.

We note that the order does provide for intensive in-home treatment and other appropriate follow-up by the county upon release of the children to a parent. Because the Rules for Juvenile Courts provide for continuing review of all disposition orders at least once every six months, we remand to the trial court for a formal review hearing pursuant to Minn.R.Juv.P. 62.07 to determine whether in-home treatment of R.A. at this point is appropriate.

---

1. Valerie argues the court found R.A. and J.A. "neglected and in foster care" as defined by Minn.Stat. § 260.015, subd. 18 (1984), and failed to consider the factors required by Minn.Stat. § 260.155, subd. 7 (1984). The record demonstrates that R.A. and J.A. were placed in foster care shortly before the hearing, and the court did find that they "have been neglected by their parents and are now in foster care." However, neither the petition by the county nor the court's order refers to the statutorily-defined phrase "neglected and in foster care." Rather,

the record and the findings indicate that the court was presented with charges of neglect and child abuse, and rendered its conclusions upon those bases only.

2. During the course of the hearing, evidence was submitted by a social worker and the guardian ad litem regarding recommendations for disposition. In addition, both Valerie and David testified concerning their willingness to cooperate with post-hearing counseling.

## DECISION

The trial court correctly found that R.A. was neglected and a victim of domestic child abuse. The court erred in finding J.A. was neglected. The court incorrectly combined adjudication proceedings with a disposition hearing.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.