In re the Marriage of Shane C.
**PERRY, joint petitioner,**
**Appellant,**

v.

**Jane Hall PERRY, n/k/a Jane Hall–**
**Dayle, joint petitioner,**
**Respondent.**

No. A07–0981.

Court of Appeals of Minnesota.

May 20, 2008.

Shane C. Perry, Minneapolis, MN, attorney pro se.

Jennifer R. Wellner, Wellner & Isaacson, PLLP, Circle Pines, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; LANSING, Judge; and COLLINS, Judge.*

## OPINION

LANSING, Judge.

A family-court referee dismissed Shane Perry's motion to modify child support because a previous child-support order was pending on appeal. We conclude that the district court—and thus the family-court referee had jurisdiction over Perry's motion because it was supplemental and collateral to the issue on appeal. But we also conclude that the district court had discretion to stay or defer its decision until after this court issued its opinion on the pending appeal. Because the motion was dismissed—instead of being stayed or deferred—we reverse and remand.

## FACTS

Shane Perry and Jane Hall–Dayle dissolved their ten-year marriage in 1999. The marital-dissolution judgment provided for joint legal and physical custody of their four children. Perry and Hall–Dayle agreed that neither would pay child support unless a substantial change in circumstances occurred.

After two of the children began to live with Perry full time, Perry moved for child support and obtained monthly child support of $688.91. The district court calcu-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

lated this amount by imputing income to Hall–Dayle and by using the *Hortis/Valento* formula, under which a parent's child-support obligation is offset by the other parent's child-support obligation. Hall–Dayle appealed this decision and we affirmed. *Perry v. Perry,* No. A06–1133, 2007 WL 1191709 (Minn.App. Apr. 24, 2007), *review denied* (Minn. July 17, 2007).

While the case was on appeal, Perry filed a motion requesting that the district court compel Hall–Dayle to pay unpaid child support for March and April 2006 and to pay his attorneys' fees. In addition, Perry requested an "order compelling Jane Hall–Dayle to pay the balance of child support for [all four children] due from May 2006 through the date of the hearing and continuing thereafter until further order of the Court without any *Hortis–Valento* reduction."

At the motion hearing, a family-court referee considered Perry's request. The referee granted Perry's motion to compel payment of child support for March and April 2006. But the referee denied the balance of Perry's motion. The referee explained:

> I'm denying the motion to modify the last child support order to eliminate the *Hortis–Valento* computation ... I think there is going to at least have to be a change of custody, but in any event, it would be a modification of that order and it's on appeal. The child support order is on appeal, and I'm not going to—I can't address it at this time, but at minimum I would believe that you would have to at least get an award of sole physical custody....

The district court confirmed the referee's recommended order and Perry appeals.

## ISSUE

Did the district court have jurisdiction over the motion to modify child support when the previous child-support order was on appeal?

## ANALYSIS

■ Once an appeal has been filed, the district court's authority—and thus the referee's authority—to act on the matter is governed by Minn. R. Civ.App. P. 108.01, subd. 1, which states:

> [T]he filing of a proper and timely appeal suspends the authority of the trial court to make any order necessarily affecting the order or judgment appealed from. The trial court retains jurisdiction as to matters independent of, supplemental to, or collateral to the order or judgment appealed from, and to enforce its order or judgment.

The rule "is designed to avoid the confusion and waste of time potentially arising from having the same issues before two courts at the same time." *Spaeth v. City of Plymouth,* 344 N.W.2d 815, 825 (Minn. 1984).

This appeal presents the question of whether the district court had authority to rule on Perry's motion to modify child support while his previous motion to modify was on appeal. The answer, by application of the rule, depends on whether a modification order would "necessarily affect[ ]" the previous child-support order. Minn. R. Civ.App. P. 108.01, subd. 1. If so, then the district court properly concluded that it has no power to act. If,

however, the modification sought would be "independent of, supplemental to, or collateral to" the previous child-support order, then the district court has the authority to consider and decide the motion. *Id.*

Our interpretation of the phrase "necessarily affecting" is guided by two principles. First, an order does not necessarily affect the order on appeal if it involves a new set of facts and does not require the district court to consider the merits of the issue on appeal. *In re Thulin,* 660 N.W.2d 140, 143 (Minn.App.2003) (holding that district court has jurisdiction over continuing commitment during appeal of initial commitment); *see also Spaeth,* 344 N.W.2d at 824–25 (holding that district court retained jurisdiction to calculate amount of attorneys' fees). Second, in the family-law context, the district court's authority to act should be construed in a way that permits the courts to respond to changing circumstances and protect the best interests of the children. *See In re Welfare of C. Children,* 348 N.W.2d 94, 99 (Minn.App.1984) (discussing changing circumstances of child's life). Thus, in the child-protection context, "the juvenile court retains jurisdiction to modify dispositions because such decisions frequently must be made quickly to protect the child." *Id.*

Relying on these principles and the previous decisions addressing similar issues, we conclude that the motion to modify child support did not necessarily affect the previous child-support order. A request for modification of child support must be based on allegations of changed circumstances. *See* Minn.Stat. § 518A.39, subd. 2 (Supp.2007) (listing reasons for modification). Thus, a proper motion would be grounded on new facts and would not require the district court to reconsider the same issues on appeal. *See Thulin,* 660 N.W.2d at 143 (upholding jurisdiction

based on similar factors). Furthermore, because child support has a direct impact on child welfare, the district court's jurisdiction in this context should be broadly construed. *See Welfare of C. Children,* 348 N.W.2d at 99 (discussing need to protect child's welfare).

We therefore conclude that a properly grounded motion to modify child support is "independent of, supplemental to, or collateral to" previous child-support orders. Minn. R. Civ.App. P. 108.01, subd. 1. Because Perry's motion was properly grounded, the district court retained jurisdiction to consider Perry's motion.

We note, however, that the district court need not immediately exercise its jurisdiction to act on the motion. To effectuate principles of judicial economy, the district court retains discretion in certain circumstances to defer its decision on new motions until after an appeal is decided. *See Briggs v. Shea,* 48 Minn. 218, 219, 50 N.W. 1037, 1037 (1892) (noting that "[t]here might be a case where it would be proper for the court to decline to go on pending the appeal ... but that would not affect its power to do so—its jurisdiction"). This is analogous to the discretion the district court may exercise in deciding whether to enforce an order or judgment that has been appealed. "[W]hile the trial court possesses the power to proceed while an appeal is pending to enforce the order or judgment appealed from, it may, in its discretion, decline to do so even in the absence of a supersedeas bond." 3 Eric J. Magnuson & David F. Herr, *Minnesota Practice* § 108.4 (2007).

Our resolution of this appeal raises the question of the circumstances in which the district court's discretion to stay a decision might reasonably be exercised. When a litigant has not filed a supersedeas bond and seeks to stay enforcement of the

order appealed from, a stay should be exercised sparingly and only when "the unique circumstances of a particular case make it in the public interest to order such a stay." *No Power Line, Inc. v. Minnesota Envtl. Quality Council,* 262 N.W.2d 312, 330–31 (Minn.1977). In this case, however, the purpose of the stay or deferral is to protect the on-going interests of children and to conserve judicial resources, not to circumvent the supersedeas bond requirement. Consequently, the district court has substantial latitude to exercise its discretion.

    Under the circumstances of this case, it would not have been an abuse of discretion for the district court to defer or stay its ruling on Perry's motion. Although the motion to modify child support was based on new facts, the arguments raised by the parties were similar to those at issue in the pending appeal. To conserve judicial resources, the district court could therefore reasonably decide to await this court's decision.

Instead of staying or deferring the motion, however, the district court dismissed Perry's second child-support motion on jurisdictional grounds. In many cases, the distinction between a stay and a dismissal may be minimal. But because child-support modification is retroactive only in limited circumstances, Perry could not now obtain the same relief by filing a new motion to modify child support. *See* Minn. Stat. § 518A.39, subd. 2(e) (Supp.2007) (discussing retroactive orders for child support). We therefore reverse the dismissal and remand for consideration of Perry's modification motion.

Perry and Hall–Dayle addressed the merits of the second modification motion in their briefs. The family-court referee, however, did not reach the merits of the motion and neither do we. Unless a new reason to stay or defer its decision arises, the district court should now address the merits of Perry's motion on remand.

## DECISION

Because the district court had jurisdiction over the motion to modify and the motion was dismissed—instead of being stayed or deferred—we reverse and remand.

**Reversed and remanded.**