## IN RE WELFARE OF TIMOTHY WACHLIN.

245 N. W. 2d 183.

July 16, 1976—No. 45630.

*William R. Kennedy,* County Public Defender, and *David G. Kuduk,* Assistant Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County

Attorney, and *John Owen, Michael Richardson, Robert Gyurci, Vernon E. Bergstrom, David W. Larson,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

Heard before Peterson, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

MACLAUGHLIN, JUSTICE.

This is an appeal from an order of the Hennepin County Juvenile Court placing a juvenile in the legal custody of the Hennepin County Welfare Department and giving the department authority to remove the juvenile from his mother's home. We affirm the trial court's order.

Appellant, Nancy Wachlin, is the mother and sole known parent of Timothy Wachlin. Timothy, who was born May 2, 1968, is appellant's second child. Appellant's first child had previously been placed for adoption. Appellant, who has been separated from her husband since 1966, is a recipient of AFDC in Hennepin County.

In April and May 1972, Timothy Wachlin was evaluated by the University of Minnesota Hospital and diagnosed as having a significant language delay problem. It was recommended at that time that Timothy attend a nursery school, and later in the year it was recommended that Timothy participate in speech therapy. In May 1973, a unique auxiliary program was arranged at the University for appellant whereby she would learn appropriate methods for stimulating Timothy's language at home while Timothy received speech therapy. Appellant did not cooperate with these recommended programs. Appellant brought Timothy in for only five of nineteen scheduled appointments in the special speech therapy program at the University and she was very late for two of these. Timothy was consequently discharged from the program. Appellant also did not assist Timothy in getting to the day care center and as a consequence he was frequently tardy or absent from the program. In addition, there was considerable testimony that when Timothy did attend the nursery school he was frequently dressed in dirty, torn, and in-

appropriate clothes. When asked by the day care center director why she kept Timothy, appellant responded "Because if I don't keep him they won't give me my AFDC check." In December 1972 Timothy was again evaluated by the University Hospital where it was noted that despite appellant's lack of cooperation, Timothy had made substantial progress in language acquisition since his previous evaluation in May 1972.

In March 1974 the Hennepin County Welfare Department filed a petition in juvenile court contending in effect that Timothy was a neglected child. After holding hearings on the petition, the trial court concluded that Timothy was neglected and that it would be in the best interests of Timothy that he be provided with a stabilizing, supervising, caring home. Accordingly, the court ordered that: (1) Timothy be placed in the legal custody of the Hennepin County Welfare Department which may remove him from his mother's home and place him in a foster home if they deem such to be in his best interest; and (2) the mother or the Welfare Department may re-open hearings as to the custody order if either can demonstrate by affidavit a substantial change in circumstances. Appellant appeals from this order challenging the fairness of the procedure and the sufficiency of the evidence in the juvenile court proceeding.

■ Appellant alleges that irregularities in the proceedings in the juvenile court have resulted in denial to her of the basic fairness which due process requires. The most substantial of appellant's charges is that the order of November 25, 1974, is not limited to any specified period. Minn. St. 260.191, subd. 2, states that "[a]ll orders under this section [disposition of neglected child] *shall be for a specified length of time* set by the court not to exceed one year." (Emphasis supplied.) The trial court's order of November 25, 1974, contains no such specified length of time. It appears, though, that the trial court subsequently required a progress report on the matter which was due in September 1975 and we have been informed that a subsequent order continuing custody in the Welfare Department was issued in the fall

of 1975.[1] Therefore, the trial court's order of November 25, 1974, did not exceed the statutory limit of 1 year's duration.

After carefully reviewing the other alleged irregularities claimed by appellant we have concluded that while the proceedings in juvenile court were not perfect, they were fair. Therefore, we hold that appellant was not denied the basic fairness required by due process.

■ Appellant also alleges that the evidence is insufficient to support the trial court's finding that Timothy was a neglected child. It is well established that this court will not disturb the findings of the trial court on appeal unless they are clearly erroneous. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972). Minn. St. 260.015, subd. 10(d) defines a neglected child as one:

"Who is without the special care made necessary by his physical or mental condition because his parent * * * neglects or refuses to provide it * * *."

It is undisputed that Timothy suffers from a neurological dysfunction which affects his ability to learn and use language. There is expert testimony in the record showing that because of Timothy's neurological condition he has a special need for

---

[1] We note that neither counsel at oral argument was able to confirm whether such an order did issue but both stated that no copy of an order or progress report had been served upon them or the parties. Rule 6.2, Hennepin County Juvenile Court Rules requires that:

"At least 6 Court Hours prior to the date set for the Progress Report, a Court Officer will file with the Court and mail to counsel, a written report prepared by the Social Worker/Probation Officer assigned to the case."

Rule 6.22 provides in part:

"The Social Worker/Probation Officer will notify the parents and counsel by mail of the Court's action if it is inconsistent with the Progress Report."

Apparently these rules were not complied with in the instant case. It seems evident that basic fairness requires that these rules be carefully complied with in the future.

speech therapy. There is also ample evidence of appellant's refusal to cooperate in attempts to provide this speech therapy to Timothy. Thus, the evidence presents a clear case of a child needing special care and a parent refusing to provide it. This evidence supports the trial court's conclusion that Timothy was a neglected child.

A neglected child is also defined by § 260.015, subd. 10(b) as one:

"Who is without proper parental care because of the faults or habits of his parent * * *."

The evidence clearly indicates that appellant did very little to assist Timothy in getting to school. Timothy's poor attendance and appearance at school were directly attributable to appellant's habit of sleeping late in the morning and to her indifferent attitude in caring for Timothy. Thus, the evidence supports the conclusion that Timothy, a preschool age child at the time, was without proper parental care. Hence, the trial court's finding that he was a neglected child as defined by either § 260.015, subd. 10(b) or subd. 10(d) is adequately supported by the evidence.[2]

■ Appellant's final contention is that the trial court erred by allowing appellant's social worker to testify as to conversations she had with appellant. Appellant claims that this testimony was privileged under Minn. St. 595.02(5), which provides:

"A public officer shall not be allowed to disclose communications made to him in official confidence when the public interest would suffer by disclosure."

---

[2] It should be noted that in State, by St. Louis Co. Welfare Dept. v. Niemi, 284 Minn. 225, 231, 169 N. W. 2d 758, 762 (1969) we stressed that in determining the disposition of a neglected child the trial court should "fully consider [any] 'new' evidence of [parental] rehabilitation and not give undue weight to the 'old' evidence of neglect." We are satisfied that the trial court's order properly reflects this policy by allowing appellant the opportunity to re-open hearings on custody if she can demonstrate substantial improvement.

In State v. Lender, 266 Minn. 561, 565, 124 N. W. 2d 355, 358 (1963), we held:

"When privilege is claimed under this statute, there must be proof not only of a confidential communication but also that disclosure would seriously injure the public interest."

Appellant has not shown how disclosure in the instant case would "seriously injure the public interest." Indeed, it would appear that nondisclosure in the instant case would injure the public's interest in protecting the welfare of neglected children. As we concluded in Lender (266 Minn. 566, 124 N. W. 2d 359):

"Assuming, without deciding, that the legislature intended to grant immunity to the records of a public welfare agency in certain situations, we are unable to conceive how it would be possible to establish that a disclosure would be detrimental to the public interest in a case of this kind."

Therefore, without this necessary foundation there can be no assertion of the privilege under § 595.02(5).[3]

Affirmed.

---

[3] Appellant argues that not allowing her to claim the privilege in the instant case would be especially unfair since the social worker was allowed to claim the privilege earlier in the proceeding. However, it is not clear from the record whether the social worker asserted the privilege, or whether she merely declined to turn over certain documents to appellant's counsel. In any case, even if the social worker was erroneously allowed to assert the privilege, this does not provide sufficient grounds for allowing appellant to assert the privilege without proper foundation.