**In the Matter of the WELFARE OF M.M.B.**

No. C1–83–1642.

Court of Appeals of Minnesota.

June 19, 1984.

Harvey N. Jones, Hertogs, Fluegel, Sieben, Polk, Jones & Laverdiere, Hastings, for appellant.

Kenneth Malvey, Dakota County Human Services, Hastings, Susan Peterson Bates, Apple Valley, Kathryn Cooper Stahnke, Eagan, for respondent.

Leslie Metzen, South St. Paul, Guardian Ad Litem.

Heard, considered and decided by POPO-VICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order determining that the child is dependent, within the meaning of Minn.Stat. § 260.015 subd. 6(b), a provision for children who are in need of special care and treatment which their parents, or other custodians, are "unable to provide." The parents contend that they are able to provide the special care which they agree their daughter requires, and which is being furnished through special care providers. The county, the attorney for the child, and the guardians ad litem maintain that the parents, though financially able, cannot provide an effective treatment program due to uncooperative attitudes toward the treatment program and their daughter's fear of a return to the family home. We affirm.

## FACTS

M.M.B., who was 16½ years of age at the time of the dependency hearing, is one of 13 adopted children of the appellants. These children are all adolescent, hard-to-place adoptees from East and Southeast Asia. M.M.B. was brought from an orphanage in India at the age of ten.

In December of 1982, it was discovered that M.M.B. was 8 months pregnant, and that the father of the child was her adoptive brother. The County filed a neglect petition for 12 of the children, claiming that there was sexual activity involving four of the children. This petition was later amended to one of dependency, and dismissed as to the other children.

At a hearing on the dependency petition, the trial court found that the child was a dependent child within the meaning of Minn.Stat. § 260.015 Subd. 6(b):

> "['Dependent child' means a child:]
>
> Who is in need of special care and treatment required by his physical or mental condition and whose parent, guardian, or other custodian is unable to provide it ...."

The court awarded custody to Dakota County Human Services, for placement in a group home providing psychiatric care and counseling.

Appellants asked for an early review of the custody determination following the hospitalization of the child for suicidal behavior at the group home. Following a hearing, the trial court reaffirmed the custody determination, but allowed the appellants to choose a professional to participate in the child's treatment program. A subsequent review resulted in an order continuing the custody disposition.

The child has consistently expressed her resistance to being returned to the family home. The parents, since the initial hearing, have claimed that they are not seeking to have her returned, but only to be able to make decisions regarding her care and treatment.

## ISSUE

Did the evidence support the trial court's finding that the child was dependent within the meaning of Minn.Stat. § 260.015 subd. 6(b)?

## ANALYSIS

The parents do not dispute that the child is in need of special care and treatment. Nor do they contest the need for a full-time residential treatment program such as is currently being provided. They assert a willingness to leave to the child the choice of when or if she will return to their home. They argue, however, that there is no need for county involvement at this time, that they as parents are willing to pay for and cooperate in, the necessary treatment program, and that, therefore, M.M.B. is not a dependent child within the meaning of Minn.Stat. § 260.015 subd. 6(b).

The test for whether a child's custody should be returned to her parents is whether the evidence shows that such a return would not be seriously detrimental to the child's interests. *Matter of Welfare of Solomon,* 291 N.W.2d 364 (Minn.1980). The standard on review is whether such a finding is supported by substantial evidence, or is clearly erroneous. *Matter of Welfare of Clausen,* 289 N.W.2d 153 (Minn.1980).

As the Supreme Court has noted, the dependency and neglect statutes create a temporary remedy, intended to ensure the welfare of the minor child, with the ultimate goal being to return the child to the parents. *Matter of Welfare of Solomon,* 291 N.W.2d 364 (Minn.1980).

The presumption is that a parent is a fit and suitable person to be entrusted with the care of his child. *In re Klugman,* 256 Minn. 113, 97 N.W.2d 425 (1959). That presumption, we believe, should extend to situations in which the special care and treatment required must be entrusted to professionals, if the parents are able to provide special care and treatment, and are willing to cooperate with the treatment program. The trial court, however, had evidence before it of the parents' failure to provide special care for their daughter during her pregnancy, their lack of complete cooperation with the treatment program, and the child's total resistance to a return to their custody.

The evidence of past failure to provide special care in the home is not a primary factor in determining whether parents can provide special care through a residential treatment program. Moreover, the trial court should not give undue weight to old evidence of neglect, and should fully consider new evidence of parental rehabilitation. *In re Welfare of A.R.W.,* 268 N.W.2d 414 (Minn.1978); *St. Louis Co. Welfare Dept. v. Niemi,* 284 Minn. 225, 169 N.W.2d 758 (1969).

After the initial neglect petition, the parents themselves chose a therapist with whom they and their daughter began counselling on a regular basis. According to the assigned social worker, they have cooperated with him and followed his recommendations. They also cooperated, initially, with Dakota County Human Services, but have since become resentful towards county involvement; however, this attitude is not directed at the treatment program itself. The parents did object to the role of the consulting psychiatrist, causing his withdrawal from the case prior to the September hearing. Pursuant to the September 20, 1983, court order, the parents have chosen a consultant who has begun working with the treatment staff.

The parents' cooperation with the treatment program has been substantial, but not complete. Their limited resistance does not compare with the non-cooperation present in other cases. *See, e.g., In re Wachlin's Welfare,* 309 Minn. 370, 245 N.W.2d 183 (1976); *Bjerke v. D.T.,* 248 N.W.2d 808 (N.D.1976). These, however, were neglect proceedings which required such a showing. In this dependency proceeding, the trial court was entitled to consider the lack of complete cooperation with the treatment program, in determining whether the parents were able to provide

effective care and treatment if it were placed entirely under their direction.

The respondents contend that a return of legal custody to the parents would itself threaten the child's treatment program, due to her fears of being returned to the home. Appellants argue that the dependency status cannot be maintained simply because the child requests it, and that the wishes of the child are not paramount to the rights of the parents.

The preference of a child as to future custody is entitled to considerable weight if he or she is of sufficient age to exercise discretion in the matter. *In re Klugman*, 256 Minn. 113, 97 N.W.2d 425 (1959). M.M.B., aged 16 and ½ at the time of the hearing, is sufficiently mature to make such a choice. *Cf., Klugman, supra* (preference of 9-year-old not to be given great weight). Furthermore, the evidence was uncontradicted that a return of custody to the parents would pose an emotional threat to the child and to her treatment program. *See, Matter of Welfare of Solomon*, 291 N.W.2d 364 (Minn.1980).

The wishes of the child are not to be considered paramount to the rights of parents. In the unique circumstances of this case, however, where a return of legal custody may directly threaten the effectiveness of the treatment program, considerable weight should be given to the wishes and perceptions of that child, particularly as the child is nearing the age of majority. The test to be applied in any individual case is the best interests of the child. *Matter of Welfare of E.G.*, 268 N.W.2d 420 (Minn. 1978).

### DECISION

There was substantial evidence to support the trial court's finding of dependency.

Affirmed.