**In the Matter of the WELFARE OF D.M.D.**

**Nos. C1–88–1899, C2–88–1913.**

Court of Appeals of Minnesota.

April 25, 1989.

David L. Piper, Minneapolis, for appellant Mother.

Philip Bush, Minneapolis, for appellant Father.

James Appleby, Minneapolis, for respondent County.

Eric Rehm, Burnsville, for guardian ad litem.

Heard, considered and decided by LANSING, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

This is an appeal by D.M.D.'s parents from a judgment which determined D.M.D. a dependent and neglected child, and a denial of a new trial. We affirm.

## FACTS

D.M.D. and his parents (appellants) previously resided in Wisconsin. In December 1986, a Wisconsin "child in need of protection" petition was filed and D.M.D. was removed from his home. The petition alleged that D.M.D. received numerous bruises from his father, and mother had seen father choke D.M.D. until he became unconscious. Father admitted conduct consistent with the petition to child protection workers. Allegations of abuse to another child by mother were also included in the petition.

In April 1987, appellants separated, mother started divorce proceedings, and father moved to Minnesota. Because father was out of the home and mother had completed her court-ordered counseling and evaluations, the petition was dismissed and D.M.D. was returned to his mother's home in July. The dismissal was based on the temporary order in the divorce proceeding and conditioned in part on mother's notification to a social worker in the event father returned to her home.

Mother subsequently moved to Minnesota, and by November 1987, father was living with her and D.M.D. Police were called to the home twice that month; once for domestic abuse and once for child abuse. No arrests were made. In December, Hennepin County Social Services filed a petition alleging D.M.D. to be a dependent and neglected child and obtained a court order to place him in foster care. Many of the allegations in the new petition were based upon behavior described in the Wisconsin petition.

During trial, counsel for father repeatedly objected to the introduction of evidence concerning the Wisconsin petition. The court admitted the evidence and, after trial, concluded D.M.D. was dependent within Minn.Stat. § 260.015, subd. 6(d) (1986), neglected within section 260.015, subds. 10(b) and (f) (1986), and a victim of child abuse within section 260.015, subd. 24 (1986) (1).

## ISSUES

1. Did the trial court err in admitting evidence of prior abuse and neglect?

2. Does a foreign jurisdiction's dismissal of a neglect petition prohibit Minnesota from adjudicating a child dependent and neglected?

3. Does the trial court's disposition order contain sufficient factual findings?

## ANALYSIS

### I.

▇ Appellants allege the trial court erred by admitting evidence concerning the allegations of abuse in Wisconsin.

[E]videntiary rulings on materiality, foundation, remoteness, relevancy, or the cumulative nature of the evidence are committed to the sound discretion of the trial judge and will only be the basis for reversal where that discretion has been clearly abused.

*In re Welfare of C. Children,* 348 N.W.2d 94, 97 (Minn.Ct.App.1984) (quoting *Jenson v. Touche Ross & Co.,* 335 N.W.2d 720, 725 (Minn.1983)). The trial court's memorandum, while noting that the evidence in Minnesota is insufficient by itself for a dependency and neglect finding, indicates the Wisconsin evidence was admitted and considered due to its similarity and relevancy to the conduct which occurred in Minnesota. In our view, the trial court did not err.

▇ Appellants also maintain Wisconsin statutes prohibit the use of the evidence in subsequent proceedings, and the full faith and credit clause of the United States Constitution requires Minnesota to give effect to the dismissal of the Wisconsin protection petition. Wisc.Stat. § 48.32(4) (1986) is cited in support of their contention:

No *child* who is discharged by the court or who completes the period of supervision without reinstatement of the original petition *may again be proceeded against* in any court for the same offense alleged in the petition or an offense based on the same conduct, and the original petition shall be dismissed with prejudice. Nothing in this subsection precludes a civil suit against the child or parent for damages arising from the child's conduct.

(Emphasis added). The statute does not assist appellants' cause. The clear intent of the Wisconsin legislature is to protect the *child* from future use of a petition, not his *parents;* it prevents double jeopardy in juvenile delinquency proceedings. The statute does not apply so as to preclude the admittance of evidence of prior neglect in this proceeding.

### II.

▇ In a similar vein, appellants claim that the trial court is bound by the dismissal of the Wisconsin petition due to the doctrine of collateral estoppel, and therefore any allegations of dependency and neglect occurring in Wisconsin may not be considered in Minnesota.

The doctrine of collateral estoppel operates to "preclude relitigation of the same issues which were actually litigated and necessary to the determination of a previous judgment." *McBroom v. Al–Chroma, Inc.,* 386 N.W.2d 369, 373 (Minn.Ct.App. 1986).

[Collateral estoppel] applies where (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on an adjudicated issue.

*Johnson v. Consolidated Freightways, Inc.,* 420 N.W.2d 608, 613 (Minn.1988) (citing *Ellis v. Minneapolis Commission on Civil Rights,* 319 N.W.2d 702, 704 (Minn. 1982)). Collateral estoppel is not rigidly applied; "[a]s a flexible doctrine, the focus is on whether its application would work an injustice on the party against whom estoppel is urged." *Johnson* at 613–14 (citing *Jeffers v. Convoy Co.,* 636 F.Supp. 1337, 1339 (D.Minn.1986)).

The application of collateral estoppel in this context would be inappropriate. Assuming, arguendo, the third and fourth prongs could be met, there is a lack of identity of issues. The Wisconsin petition was based on a Wisconsin statute, relying merely on the evidence of abuse in Wisconsin. The Minnesota adjudication is based

on Minnesota's statutes and policies, and relies on incidents that occurred in both Wisconsin and Minnesota. In addition, the Wisconsin dismissal was conditional; because mother allowed father to live in the home, at least one of the conditions was broken. Therefore, there was no final adjudication on the merits.

## III.

 Finally, it is maintained that the trial court's dispositional order contains insufficient fact findings. Specific written findings are required for an adequate dispositional order. Minn.Stat. § 260.191, subd. 1a (1986). The trial judge's August 8, 1988 dispositional order specifically incorporated the extensive fact findings made in the June 2, 1988 order wherein he concluded that D.M.D. was a dependent and neglected child. These findings are adequate.

## DECISION

The trial court properly admitted and relied on evidence stemming from another jurisdiction. The dispositional fact finding was sufficient due to the incorporation of fact finding from another order concerning similar issues.

Affirmed.