**In the Matter of the**
**WELFARE OF B.K.J.**

No. C0-89-1774.

Court of Appeals of Minnesota.

Feb. 6, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI, and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

Hennepin County appeals an order dismissing a truancy citation issued to B.K.J. We agree with the trial court's determination that habitual truancy requires a volitional act on the part of the child and affirm the dismissal.

## FACTS

B.K.J.'s father removed 13–year old B.K.J. from public school in the fall of 1987 to provide home-school education. *See* Minn.Stat. §§ 120.101–.103 (1988). The Hennepin County Bureau of Social Services and Sanford Junior High school officials became concerned that B.K.J.'s home education did not meet statutory requirements. On November 23, 1988, a school truancy officer issued B.K.J. a truancy citation.

Counsel for Hennepin County and B.K.J. stipulated that B.K.J. was not attending public school and that by remaining at home he was obeying the wishes of his father that he receive in-home school instruction. On these stipulated facts the trial court determined that B.K.J. was not habitually truant.

## ISSUE

Does truancy require a volitional act on the part of the child?

## ANALYSIS

The elements of the offense of habitual truancy were recently defined by the Minnesota Supreme Court as including (1) absence from school for the requisite number of days, (2) with no lawful excuse, (3) by the child's own choice or neglect. *In Re L.Z.*, 396 N.W.2d 214, 218 (Minn.1986). Hennepin County acknowledges the validity of all three elements at the time of the *L.Z.* decision but disputes the continued vitality of the third element in light of legislative changes.

The first pertinent legislative change occurred in the statutory definition of "habitual truant." In the *L.Z.* decision the statute included the phrase "absenting himself from attendance at school." [1] The *L.Z.* court relied on this phrase in interpreting habitual truancy to require volitional conduct on the part of the child. *Id.* at 218 (citing *In re C.S.*, 382 N.W.2d 381, 385–86 (N.D.1986)). Shortly before the supreme court released *In re L.Z.*, the legislature amended Minn.Stat. § 260.015, subd. 19 to read "is absent from attendance at school." [2] We attach no substantive significance to this change. The express purpose of the legislation was to remove the statute's gender specific reference. The legislature specifically provided that this amendment did not change the substance of the statute amended. 1986 Minn.Laws ch. 444, § 3.

The second pertinent legislative change occurred two years later. The legislature amended the Juvenile Code to create a new designation in juvenile proceedings for children in need of protection or services (CHIPS). 1988 Minn.Laws ch. 673. Among other provisions the act defined a "child in need of protection or services" to include a child who "is an habitual truant." *See* Minn.Stat. § 260.015, subd. 2a(12) (1988).

Hennepin County argues that by placing habitual truants within the CHIPS provisions, the legislature demonstrated an intent to eliminate the volitional element of habitual truancy and the definition in *L.Z.* no longer applies. The County reasons that when truancy was considered a delinquency offense the proceedings were de-

---

1. Minn.Stat. § 260.015, subd. 19 (1984) reads:
   "Habitual truant" means a child under the age of 16 years *absenting himself* from attendance at school without lawful excuse for seven school days if the child is in elementary school or for one or more class periods on seven school days if the child is in middle school, junior high school, or high school. (Emphasis added).

2. Minn.Stat. § 260.015, subd. 19 (1986) reads:
   "Habitual truant" means a child under the age of 16 years who *is absent* from attendance at school without lawful excuse for seven school days if the child is in elementary school or for one or more class periods on seven school days if the child is in middle school, junior high, or high school. (Emphasis added).

signed to punish and deter but now are designed to protect and serve. Following that argument, fault or bad intent is now immaterial because the important criterion is whether the child is in need of protection or services.

We do not agree with this analysis. First, habitual truants were not designated as delinquent children when *L.Z.* was decided. *See* Minn.Stat. § 260.015, subds. 5(a), 19 (1984). The legislature removed habitual truants from the delinquency classification in 1982, grouping them with runaways and petty juvenile offenders. 1982 Minn. Laws ch. 544 §§ 1, 2. Second, the dispositions available for habitual truants under the CHIPS classification are virtually identical to those that were available under the statutory framework applied by the supreme court in *L.Z. See* Minn.Stat. § 260.194 (1984); Minn.Stat. § 260.191 (1988).[3]

We believe the rationale supporting the supreme court's ruling in *L.Z.* still applies. Truancy implies volitional conduct on the part of the child for which the child is responsible. *In re L.Z.*, 396 N.W.2d at 218. A child who is absent from school in obedience to a parent's wrongful command should not be stigmatized or confused by an unwarranted truancy label. Although the juvenile court act is directed toward protecting the confidentiality of proceedings to ameliorate the stigma of public court proceedings, "we must also be sensitive to the child's self-perception when involved with the court." *In re C.S.*, 382 N.W.2d at 385.

We are persuaded that the CHIPS legislation takes the volitional/non-volitional distinction into account by providing an alternative basis for extending protection or services for a child who is not attending school. This basis, included within the definition, permits protection and services for a child who "is without necessary * * * education * * * because the child's parent, guardian or custodian is unable or unwill-

ing to provide that care." Minn.Stat. § 260.15, subd. 2a(3). The focus under subdivision 2a(3) is properly placed where it ought to be—on the actions of the parent rather than the child. We also note that the home-school statute contains a separate procedure to investigate, mediate, or pursue criminal penalties when a parent refuses to comply with the statutory home-school requirements. Minn.Stat. § 120.103 (1988).

## DECISION

The trial court properly dismissed the truancy citation issued against B.K.J.

Affirmed.

---

**3.** We also note that even under the amended statute, distinctions remain which appear to be drawn along the lines of individual responsibility. For instance in the case of juvenile petty

offenders, truants or runaways, a citation may be issued to the child under Minn.Stat. § 260.132, subd. 1 (1988).