**In the Matter of the Welfare of D.N., D.N., D.R., D.R., D.R., and D.R.**

**No. C7–94–815.**

Court of Appeals of Minnesota.

Oct. 25, 1994.

Review Denied Nov. 29, 1994.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, for appellant.

Michael O. Freeman, Hennepin County Atty., Andrew J. Mitchell, Asst. County Atty., Minneapolis for respondent.

Jonathan G. Steinberg, Chrastil and Steinberg, Minneapolis, for guardian ad litem.

Considered and decided by HARTEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

HARTEN, Judge.

Appellant R.N., the mother of the six children involved in this case, challenges the district court's CHIPS adjudication on the following grounds: (1) admission of improper evidence, (2) improper allowance of a "default" trial in appellant's absence, and (3) lack of evidence to support the adjudication. We affirm.

## FACTS

On October 26, 1992, the Hennepin County Department of Community Services filed a petition alleging that the six children of mother, appellant R.N., were in need of protection or services (CHIPS) under Minn.Stat. § 260.015. During the pendency, the district court ordered removal from the home of the two youngest children, ages 17 months and 2 months, respectively, who at the time were hospitalized for malnutrition. Protective supervision of the four older children was granted.

On August 25, 1993, the four older children also were removed from appellant's home based on the county's allegation that the mother's continued drug use and involvement with an abusive father endangered the children.[1] On November 29, 1993, the parties

and counsel met with the judge and continued the case to January 26, 1994 for trial. Appellant acknowledged in writing a notice that informed her of the trial date and time. On January 26, 1994, the trial was delayed one day because of the absence of appellant and two fathers of the children. This allowed counsel opportunity to attempt to locate the absent participants.

Counsel were unsuccessful in contacting their clients, and the next day, January 27, the CHIPS trial was held despite appellant's absence. The county presented the testimony of a child protection worker and the children's guardian ad litem, and introduced numerous exhibits. The evidence showed that appellant was undergoing treatment for chemical dependency, that she had demonstrated a lack of concern for her children, and that one of the fathers who had not entered treatment for chemical and domestic abuse, had abused appellant. Based on the evidence, the district court, on March 10, 1994, adjudicated the children in need of protection or services. Judgment was entered on March 15. R.N. appeals on several grounds.

## ISSUES

1. Did the district court err in proceeding with the trial in appellant's absence?

2. Did appellant waive her evidentiary challenges by failing to move for a new trial and should respondent's motion to dismiss therefore be granted?

3. Do the findings support the CHIPS adjudication?

## ANALYSIS

1. A decision to grant or deny a continuance will not be reversed on appeal unless the trial court abused its discretion. *See Southwest Fidelity State Bank v. Apollo Corp. Travel*, 360 N.W.2d 668, 670 (Minn. App.1985). Minn.R.Juv.P. 42.02 provides that

[t]he absence from a hearing of a person who has the right to attend shall not pre-

---

1. The four older children were ages 12, 9, 5, and 4 at the time.

vent the hearing from proceeding provided appropriate notice has been [given].

In *In re Welfare of Copus,* 356 N.W.2d 363, 365 (Minn.App.1984), we held that it was not error to deny a request for a continuance in a proceeding to terminate parental rights where (1) proper prior notice was given, (2) a request for continuance was not made until the day of the hearing, and (3) the absent party was not prejudiced because counsel attended the hearing and cross-examined witnesses.

■ There is no dispute that appellant signed the notice statement when she appeared in court on November 29, 1993. That statement gave her notice of the date and time for trial—January 26, 1994, 9:00 a.m. Moreover, appellant's attorney was given a one-day continuance on January 26 to procure her attendance. Under these circumstances, the trial court did not abuse its discretion in denying a further continuance.

■ 2. The district court's evidentiary rulings are subject to a clear abuse of discretion standard. *In re Welfare of D.M.D.,* 438 N.W.2d 713, 715 (Minn.App.1989). Minn. R.Juv.P. 59.04 provides for admission of "only such evidence as would be admissible in a civil trial." *See also In re Welfare of Brown,* 296 N.W.2d 430, 436 (Minn.1980) (applying rule to CHIPS proceeding).

■ Appellant argues that the district court erred in overruling hearsay, best evidence, and foundational objections to numerous exhibits from the county's CHIPS file. Although counsel for appellant made appropriate objections at trial, no motion for a new trial was brought. In *Sauter v. Wasemiller,* 389 N.W.2d 200, 201 (Minn.1986), the supreme court held that "evidentiary rulings * * * are subject to appellate review only if there has been a motion for a new trial in which such matters have been assigned as error." This rule applies equally in juvenile cases. *See In re Welfare of S.G.,* 390 N.W.2d 336, 340–41 (Minn.App.1986). Appellant's

evidentiary objections were waived under *Sauter* and *S.G.* We decline to review the evidentiary rulings under the "in the interest of justice" provision of Minn.R.Civ.App.P. 103.04.[2]

■ 3. Findings in a CHIPS proceeding will not be reversed unless clearly erroneous, or unsupported by substantial evidence. *S.G.,* 390 N.W.2d at 341; *In re Welfare of R.B.,* 369 N.W.2d 353, 358 (Minn.App. 1985). Here, the findings indicate a history of chemical abuse by appellant and one of the fathers, the two youngest children have suffered malnutrition ("failure to thrive"), appellant and the children have experienced domestic abuse by one of the fathers (the domestic abuse has not been addressed in counseling), and appellant has not completed parenting training. To her credit, appellant has completed the first phase of chemical dependency treatment, has sought further counseling, and has made progress. *See In re Welfare of Solomon,* 291 N.W.2d 364, 368–69 (Minn.1980) (conditions at time of trial and improvement of conditions that led to filing of CHIPS petition are analyzed). Nevertheless, at this intermediate juncture in the planned reunification of this family, the evidence supports the CHIPS adjudication.

## DECISION

The district court did not abuse its broad discretion in proceeding with the CHIPS trial, and in adjudicating the children in need of protection or services.

**Affirmed.**

---

**2.** A special term panel deferred respondent's motion to dismiss the appeal on the basis of waiver of evidentiary objections. In *S.G.,* the question of the adequacy of the findings to support the CHIPS adjudication remained after the waiver of evidentiary rulings. *See* 390 N.W.2d at 341 (cit-

ing *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976)). Therefore, although we deny the motion to dismiss, we formally review only the adequacy of the findings of fact and conclusions of law to support the CHIPS adjudication.